## Savitz, Appellant, *v.* Lehigh and New England Railroad Company.

*Negligence—Railroads—Defective switch—Nonsuit.*

In an action against a railroad company to recover damages for the death of a brakeman in the employ of another railroad company, caused by an alleged defective switch, a nonsuit is properly entered where the only evidence of negligence was that at a period two weeks or more before the accident, the rails were not close together, and there is no evidence that the defect was sufficiently serious to cause the accident, or that the defect continued until the time of the accident, or that the defect caused the accident, which with equal probability could be attributed to any one of several causes for none of which was the defendant liable.

Argued March 12, 1901. Appeal, No. 62, Jan. T., 1901, by plaintiff, from order of C. P. Northampton Co., June T., 1899, No. 27, refusing to take off nonsuit in case of Amanda E. Savitz v. Lehigh & New England Railroad Company. Before Mc-Collum, C. J., Mitchell, Fell, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before Schuyler, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*W. E. Doster,* for appellant.—A state of facts once shown to exist is presumed to continue until the contrary is shown. Pope v. Kansas City Cable Ry. Co., 99 Mo. 400; Louisville, New Albany & Chicago Ry. Co. v. Thompson, 5 Western Repr. 837; Bates v. Pricket, 5 Ind. 22; Adams v. Slate, 87 Ind. 573; Flannery v. Waterford, etc., Ry. Co., Ir. Rep. 11 C. L. 30; Carpue v. London & Brighton Ry. Co., 5 Ad. & E. (N. S.) 751.

Negligence can be proved by circumstantial evidence where the circumstances are such as to repel any other conclusion: Shearman & Redfield on Negligence, sec. 58.

Negligence is always a question for the jury where there is any doubt as to the facts or as to the inferences to be drawn

from them: Johnson v. Bruner, 61 Pa. 58; Vannatta v. Central R. R. Co. of N. J., 154 Pa. 263; Patterson v. Pittsburg & Connellsville R. R. Co., 76 Pa. 389; Neslie v. Second & Third St. Pass. Ry. Co., 113 Pa. 300; Henderson v. Phila. & Reading R. R. Co. 144 Pa. 481.

However slight the evidence, if there be any from which the jury might draw an inference in favor of plaintiff, the case should be submitted to the jury: Bevan v. Ins. Co. of Penna., 9 W. & S. 187; Baker v. Lewis, 33 Pa. 301; Berg v. Abbott, 83 Pa. 177; Maynes v. Atwater, 88 Pa. 496; Miller v. Bealer, 100 Pa. 583.

*E. J. Fox*, with him *J. W. Fox* and *George W. Mackey*, for appellee.—The mere fact of the accident is not enough to establish negligence: Mixter v. Imperial Coal Co., 152 Pa. 395; East End Oil Co. v. Penna. Torpedo Co., 190 Pa. 350; Allegheny Heating Co. v. Rohan, 118 Pa. 223; Melchert v. Smith Brewing Co., 140 Pa. 448.

A servant will be deemed to have assumed all risks naturally and reasonably incident to his employment: Phila., Wilmington, & Baltimore R. R. Co. v. Keenan, 103 Pa. 124; Rummell v. Dilworth, 111 Pa. 343; Brossman v. Lehigh Valley R. R. Co., 113 Pa. 490; Boyd v. Harris, 176 Pa. 485; Phila. & Reading R. R. Co. v. Hughes, 119 Pa. 301; Mensch v. Penna. R. R. Co., 150 Pa. 598.

OPINION BY MR. JUSTICE FELL, April 29, 1901:

The plaintiff's husband, while in the employ of the Central Railroad of New Jersey as a brakeman, was killed in an accident which occurred on a section of the road of the Lehigh and New England Railroad Company, the defendant, which was used in common by both companies. The negligence alleged was that the defendant, whose duty it was to keep the road in good condition, allowed a switch which connected the main track with the siding of an electric light plant, to remain out of repair and to be unlocked, by reason of which the engine was deflected from the track to the siding. These allegations were not sustained by the testimony. It was not shown that the switch was out of repair. It was unlocked at the time of the accident, but it was properly set and held in place by its lever,

and its being unlocked did not cause nor contribute to the accident. The testimony admitted was all directed to show that the accident might have been caused by the point of the switch not closing against the main track tightly enough to prevent the wheels of the truck entering the siding. But this was only one of several possible, if not equally probable, causes shown, the others being a defective truck, defective equipments of the engine, and an obstruction on the track.

In order to avoid taking the deposition of a witness who was unable on account of sickness to attend at the trial, it was agreed by counsel that the notes of his testimony taken at a former trial should be read to the jury. When these notes were offered, they were objected to and excluded by the court on the ground that the witness had no knowledge of the condition of the switch on the day of the accident, and that his testimony threw no light on the issue raised. We are inclined to the view that the agreement by its terms waived all objections as to the relevancy of the testimony, and that it should have been admitted. We may now, however, consider the legal effect of this testimony as on a motion to strike it out or for a nonsuit, if it had been admitted.

The witness was an engineer who had been in the employ of the Central Railroad a number of years on the branch of the road on which the accident happened. He testified that it was his custom to run slowly as he approached the switch, that he might see that it was properly set before he reached it; that at one time a spike had been used to hold the rail of the switch close to the main track, and that when the spike was removed, an opening could be seen between the rails. From this he inferred that the spring was weak, or that the end of the rail was bent. He had never inspected the switch, nor made any examination except by looking at it as he passed on his engine. He had never stopped at this point, nor been delayed by the condition of the switch. Although passing daily, he had not observed the condition of the switch within two weeks or more of the accident, and he did not state what its condition was when he last observed it. His testimony as to the existence of a defect in the switch, as to its character, and as to the time when he had observed it, was exceedingly vague, and it appeared that his reason for running slowly as he approached the switch was that

he feared that, as at times it was unlocked, boys might interfere with it.

Giving to this testimony the fullest effect in the plaintiff's favor that can reasonably be claimed for it, it showed only that at a period two weeks or more before the accident the rails were not close together, the extent of the separation being defined by the expression of the witness, "you could see in there, it didn't lay tight." If the case had been submitted on this testimony, the jury would have been left to find that, because the rails did not fit closely two weeks before, there was a defect sufficiently serious to cause the accident, and then to infer (1) that the defect continued although no one had seen it in the mean time and its existence was not disclosed in the constant use of the road ; (2) that the defect did cause an accident which with equal probability could be attributed to any one of several other causes for none of which was the defendant liable. This would have been mere conjecture and speculation, and wholly insufficient to sustain a verdict in favor of one on whom the burden of affirmative proof of negligence rested.

The judgment is affirmed.