Commonwealth, Appellant, *v.* Frank.

Argued April 8, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Maurice H. Goldstein,* Assistant District Attorney, with him *Russell H. Adams, Artemus C. Leslie,* District Attorneys, and *Louis L. Kaufman,* for appellant.

*Roy T. Clunk,* with him *J. H. Lembersky,* for appellee.

OPINION BY BALDRIGE, P. J., July 19, 1946:

The defendant, Joseph Frank, was indicted, charged with the operation of a lottery. The only witnesses called by the commonwealth to prove the alleged criminal offense were James Lee Hill and Martin Wellman. The commonwealth admitted that Hill was under indictment and in its side-bar offer stated that it expected to be able to prove that these two men and defendant were associated together in the operation of a lottery. Both witnesses refused to testify, claiming the protection of their constitutional privilege against self-incrimination. The commonwealth contended that they were not entitled to this claimed immunity as section 58 of the Act of March 31, 1860, P. L. 382, 18 PS §1443, provides that no witness in any prosecution for unlawful gambling shall be excused from testifying concerning the same, but that "no evidence given or facts divulged by him shall be used or employed against him in any criminal prosecution whatever."

The trial judge held that section unconstitutional as it is in contravention of article 1, section 9, which provides that an accused in a criminal proceeding cannot be compelled to give evidence against himself, and refused to order the witnesses to testify. The commonwealth then rested and a demurrer to the evidence submitted by the defendants was sustained. In this appeal which followed, the commonwealth's sole complaint is that the court erred in holding section 58 of the Act of

1860, supra, unconstitutional. We are of the opinion that the court's conclusion is correct.

The constitutional provision under consideration is of ancient origin with an interesting historical background, and can be traced to the time of Sir Edward Coke, when protection was granted as a result of the inquisitorial and unjust interrogation of accused persons by English ecclesiastical courts. See, *In re Watson,* (Mich.), 291 N. W. 652. It is found in the Constitution of the United States and is firmly embodied in the constitution of practically every state of this union, with the possible exception of New Jersey and Iowa, both of which have recognized and approved it in principle. This provision appeared in our own Constitution of 1776 (*Respublica v. Benjamin Gibbs, Jr.,* 3 Yeates, p. 429), and has been retained in our organic law since that day.

The courts have construed it to apply to witnesses as well as an accused in criminal proceedings (*In re: Contempt of Meyers and Brei,* 83 Pa. Superior Ct. 383; *Commonwealth v. Tracey,* 137 Pa. Superior Ct. 221, 224, 8 A. 2d 622; *Commonwealth v. Cavanaugh,* 159 Pa. Superior Ct. 113, 46 A. 2d 579), and can be claimed only by a person entitled to the privilege (*Commonwealth v. DeMasi,* 234 Pa. 570, 83 A. 430) ; and it may be waived (*Commonwealth v. Tracey,* supra, p. 225). One's claim to immunity must be granted if it appears that there is real danger that the evidence may be used either directly or indirectly against him in a criminal or quasi criminal proceeding, if there is not a legislative enactment conferring complete immunity or amnesty co-extensive with his constitutional rights of freedom : *In re: Contempt of Meyers and Brei,* supra, p. 391.

There are only two specific modifications to article 1, section 9, of the constitution, to wit, article 3, section 32, and article 8, section 10. The first provides that any person may be compelled to testify in a judicial proceeding against anyone who may be charged with having committed the offense of bribery or corrupt solicitation

and shall not be permitted to withhold his testimony on the ground that it may incriminate him. The latter states that no person shall withhold his testimony in a contested election investigation upon the ground that it may incriminate him.

In *Commonwealth v. Cameron*, 42 Pa. Superior Ct. 347, affirmed in 229 Pa. 592, 79 A. 169, construing section 32, article 3, of the constitution, which provides that "such testimony shall not afterwards be used against him [the witness] in any judicial proceeding", President Judge RICE in the course of his opinion stated: "If sec. 32, art. III, of the constitution were merely an act of the legislature, and not a constitutional provision, a question open to discussion would be whether it supplied a complete protection from all the consequences against which the constitutional prohibition of compulsory self-incrimination was designed to guard, and, therefore, whether the appellant could have been compelled to give the incriminating testimony referred to in his special plea in bar. . . . In the celebrated case of Counselman v. Hitchcock, 142 U. S. 547, the distinction between a legislative and constitutional impairment of the privilege was distinctly recognized, for the court said: 'Legislation cannot detract from the privilege afforded by the Constitution. It would be quite another thing if the Constitution had provided that no person shall be compelled in any criminal case to be a witness against himself, unless it should be provided by statute that criminal evidence extracted from a witness against his will should not be used against him. But a mere act of Congress cannot amend the Constitution, even if it should engraft thereon such a proviso' . . ."

*In re Doyle*, (N. Y.), 177 N. E. 489, CARDOZO, C. J., speaking for the court said, p. 491: "The immunity is not adequate if it does no more than assure him [the witness] that the testimony coming from his lips will not be read in evidence against him upon a criminal prosecution. The clues thereby developed may still sup-

ply the links whereby a chain of guilt can be forged from the testimony of others. To force disclosure from unwilling lips, the immunity must be so broad that the risk of prosecution is ended altogether." If a statute confers complete immunity from prosecution, there is no violation of constitutional provisions and the reason for the rule then disappears: *Brown v. Walker*, 161 U. S. 591, 16 S. Ct. 644, 40 L. Ed. 819.

The Supreme Court in *Counselman v. Hitchcock*, 142 U. S. 547, 585, 12 S. Ct. 195, 35 L. Ed. 1110, after expressly recognizing that legislation cannot abridge, replace, or supply a constitutional privilege, held that a statutory enactment, to be valid, must afford absolute immunity against future prosecution for the offense to which the question relates: See, also, *Arndstein v. Mc-Carthy*, 254 U. S. 71, 41 S. Ct. 26, 65 L. Ed. 183; *In re Watson*, supra; *People v. Boyle*, (Ill.), 144 N. E. 342; *Boyd v. U. S.*, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746.

Wigmore on Evidence, Vol. VIII, §2283, pp. 522, 529, criticizes that ruling contending that the construction given expands the claim of privilege far beyond the intention of the framers. But many cases in addition to those cited, including *U. S. v. Monia et al.*, 317 U. S. 424, 427, 63 S. Ct. 409, 410, a recent opinion by Mr. Justice ROBERTS, have approved the interpretation given in *Counselman v. Hitchcock*, supra. Undoubtedly, the great weight of judicial decisions follows that leading case.

Does our statute provide complete immunity coextensive with the constitutional guarantee against a future prosecution for a crime to which questions asked the witness relate, or does it simply forbid the restrictive use of the testimony against him? It will be noted that in section 58, supra, it is provided that no witness shall be excused, etc., but no "evidence" given, or facts divulged by him, shall be used or employed against him in any criminal prosecution whatever. While in article 3, section 32, of our constitution, which, as stated above, was under consideration in *Commonwealth v.*

*Cameron,* supra, the word "testimony" appears. There is no particular difference in the meaning of those two words in the statute and constitution. In *Counselman v. Hitchcock,* supra, the statute involved used the word "evidence." Nor do we think that the phrase "or facts divulged by him [witness]", which would include information given the commonwealth, not only at the trial, but prior thereto, materially enlarges the scope of immunity. Our statute to be constitutional should, but does not, in our judgment, completely protect a witness.

Section 4 of the Act of February 16, 1847, P. L. 111, (relating to the suppression of gambling, and subsequently repealed by section 79 of the Act of March 31, 1860, supra, P. L. 427), was the immediate and only predecessor of section 58, supra, and provided: "If any person shall be called to testify, on behalf of the state, . . . for any offense made punishable by this act, he shall thereafter be discharged of and from all liability to prosecution or punishment for such matter or offense." There is no doubt that act provides complete immunity and was constitutional: *Brown v. Walker,* supra, and other cases heretofore cited. It is thus apparent that it was the intention of the legislature in passing section 58 of the Act of 1860, supra, to withdraw the absolute immunity previously granted in section 4 of the Act of 1847, supra. Further confirmation of the legislative intent is found in section 54 of the Act of 1860, supra, which relates to lotteries and contains the clause: "The purchaser of such ticket, policy, or device, shall not be liable to any prosecution or penalty by virtue of this or any other law of the Commonwealth, and shall, in all respects, be a competent witness to prove the offense." That provision was originally enacted in section 3 of the Act of 1847, supra, and likewise confers full immunity. We may fairly conclude that the legislature was aware of the distinction between complete immunity and a mere prohibition of the use of the evidence against the witness in a subsequent prosecution.

We have not been unmindful that it is our duty to give, if possible, an interpretation of this statute that will not conflict with the constitution (*Hotel Casey Co. v. Ross et al.*, 343 Pa. 573, 23 A. 2d 737), and that there is a presumption against legislative violation of the constitution: *Brunke v. Ridley Twp.*, 154 Pa. Superior Ct. 182, 35 A. 2d 751; Statutory Construction Act, Art. IV, §52(3), 46 P. S. §552(3). We might add that the presumption of legislative intent existed prior to the adoption of the Statutory Construction Act: *Craig v. First Presbyterian Church*, 88 Pa. 42; *Reeves v. Phila. Suburban Water Co.*, 287 Pa. 376, 135 A. 362.

Furthermore, the commonwealth has no right of appeal in this case. True, that question was not raised or discussed by either party, but we of our own accord can give it consideration: *Com. ex rel. Stingel v. Hess*, 154 Pa. Superior Ct. 639, 36 A. 2d 848; *Simpson v. Montgomery Ward & Co.*, 354 Pa. 87, 100, 46 A. 2d 674.

The commonwealth's right of appeal is limited. It may not appeal from a verdict of acquittal in criminal prosecution for the purpose of reviewing erroneous rulings made during the course of a trial, except in the specific instances mentioned in the Act of May 19, 1874, P. L. 219, 19 PS §1188, viz., prosecutions for nuisance, forcible entry and detainer, and forcible detainer: *Commonwealth v. Obenreder*, 144 Pa. Superior Ct. 253, 19 A. 2d 497; *Commonwealth v. Kerr*, 150 Pa. Superior Ct. 598, 29 A. 2d 340.

It may appeal from an adverse decision where a demurrer to the indictment is sustained (*Commonwealth v. Cohen*, 142 Pa. Superior Ct. 199, 15 A. 2d 730), or where there is a question of the constitutionality of the very act under which the indictment is laid: *Commonwealth v. Reitz*, 156 Pa. Superior Ct. 122, 39 A. 2d 522. But neither of these situations is present in this case.

The commonwealth may appeal also where the judge has sustained defendant's demurrer, which raised the pure legal question of the sufficiency of the proof to

support the crime charged: *Commonwealth v. Kolsky,* 100 Pa. Superior Ct. 596, 599; *Commonwealth v. Shiroff,* 131 Pa. Superior Ct. 565, 200 A. 204; *Commonwealth v. Obenreder,* supra, p. 255. The difficulty that confronts the commonwealth is that concededly a case was not made out on the testimony actually received. Viewing it only, the trial judge had no alternative than to sustain the demurrer. Should the testimony offered by the commonwealth at side bar, and rejected by the trial judge, have been considered? Our answer to that question is in the negative. The proper test to apply to the validity of a demurrer is whether the "evidence of record" (*Commonwealth v. Ernesto,* 93 Pa. Superior Ct. 339, 341, 342), the "admitted state of facts" (*Commonwealth v. Kerr,* supra, p. 601), the "evidence produced" (*Commonwealth v. Williams,* 71 Pa. Superior Ct. 311; *Commonwealth v. Kolsky,* supra, p. 599), and "all the facts testified to and the inferences reasonably drawn therefrom" (Sadler, Criminal Procedure in Pennsylvania, Vol. II, §541, pp. 611, 612), would support a verdict of guilty. See, also, Chitty on Criminal Law (5th American Ed., 1847), Vol. I, p. 623. Even assuming the commonwealth's contention is correct, "the error, if any, was in the exclusion of evidence on the trial." *Commonwealth v. Obenreder,* supra, p. 256.

We recognize that there is a certain similarity between a demurrer to the evidence in a criminal proceeding and a motion for a nonsuit in a civil proceeding (*Commonwealth v. Marino,* 142 Pa. Superior Ct. 327, 330, 16 A. 2d 314), as the office of each is to test the legal sufficiency of the evidence introduced to establish a case for submission to the jury. But their functions do not strictly correspond, and as is pointed out in *Commonwealth v. Heller,* 147 Pa. Superior Ct. 68, 24 A. 2d 460, the practice is necessarily different. In the former the record evidence only is proper for consideration; *Commonwealth v. Heller,* supra; *Huffman v. Simmons,* 131 Pa. Superior Ct. 370, 200 A. 274; *Henry Shenk Co. v.*

*Erie,* 352 Pa. 481, 487, 43 A. 2d 99. In the latter the appellate court may review the propriety of excluding testimony offered by the party having the burden of proof and if it was improperly rejected, consider it as true for the purpose of testing the legal sufficiency of the evidence: *Savitz v. L. & N. E. R. R. Co.,* 199 Pa. 218, 220, 48 A. 987; *Kimble v. Wilson et al.,* 352 Pa. 275, 42 A. 2d 526.

Judgment of the court is affirmed.