Commonwealth, Appellant, *v*. Kocher.

Argued April 12, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*C. A. Whitehouse,* District Attorney, with him *C. J. Friedberg,* Assistant District Attorney, for appellant.

*J. F. Mahoney,* with him *W. J. Krencewicz,* for appellee.

OPINION BY ROSS, J., July 23, 1948:

In this criminal case, the Commonwealth has appealed [1] from the sustaining of defendant's demurrer [2] to the evidence produced at a trial on an indictment for malicious mischief by explosives under section 917 of the Act of June 24, 1939 (The Penal Code), P. L. 872, 18 PS 4917, which provides as follows: "Whoever unlawfully, wantonly, wilfully and maliciously, by the explosion of any substance, placed or thrown in, into, upon, under, against, or near any building, structure, vessel, automobile, truck, engine, motor, car, vehicle, property, machinery, tools, goods, fixtures, or chattels, does or attempts to do bodily harm to any person, or destroys or attempts to destroy, damages or injures any such property, whether or not injury to any person, or damage or injury to any such property results, is guilty of a felony . . ." The gist of the offense as set forth in this section of The Penal Code is the "explosion of any substance" with the intent to do damage to property or injury to person. When one causes an explosion with such intent, the offense is complete whether or not damage or injury results.

At the trial of the case, the Commonwealth showed that the defendant, Kocher, had placed six sticks of dynamite underneath the dwelling house of the prosecutor, Howard Knapp, and connected them by electrical

---

[1] As to the right of the Commonwealth to appeal from the sustaining of a demurrer which raises the legal sufficiency of the proof to support the crime charged, see *Com. v. Frank*, 159 Pa. Superior Ct. 271, 277, 48 A. 2d 10, 14.

[2] The Act of June 5, 1937, P. L. 1703, 19 PS 481, provides: "Hereafter in all criminal prosecutions, the action of the defendant at the close of the Commonwealth's case in demurring to the evidence submitted by the Commonwealth, shall not be deemed to be an admission of the facts which the evidence tends to prove or the inferences reasonably deductible therefrom except for the purpose of deciding upon such demurrer . . ." See *Com. v. Ott*, 154 Pa. Superior Ct. 647, 36 A. 2d 838; *Com. v. Marino*, 142 Pa. Superior Ct. 327, 16 A. 2d 314.

wires to a radio in the house in such manner that the dynamite would be exploded when the radio was turned on. However, Knapp discovered the dynamite before he turned on the radio and consequently the dynamite was not exploded.

The question before us is whether without proof of an explosion there may be a conviction of an *attempt* to commit the crime of malicious mischief by explosives as defined in section 917 of The Penal Code, supra.

Section 1107 of The Penal Code, 18 PS 5107, provides: "If, on the trial of any person charged with felony or misdemeanor, it shall appear to the jury upon the evidence, that the defendant did not complete the offense charged, but was guilty only of an attempt to commit the crime, he shall not by reason thereof be entitled to be acquitted, but the jury may return, as their verdict, that the defendant is not guilty of the felony or misdemeanor charged, but is guilty of an attempt to commit the same. . . ."

"An attempt, in general, is an overt act done in pursuance of an intent to do a specific thing, tending to the end but falling short of complete accomplishment of it. In law, the definition must have this further qualification, that the overt act must be sufficiently proximate to the intended crime to form one of the natural series of acts which the intent requires for its full execution": *Com. v. Eagan,* 190 Pa. 10, 21, 42 A. 374. See, also, *Com. v. Neubauer,* 142 Pa. Superior Ct. 528, 16 A. 2d 450; *Com. v. Ellis,* 349 Pa. 402, 37 A. 2d 504.

An examination of the record shows that the defendant admitted preparing and placing the dynamite and gave his reasons for so doing. He intended "to get rid of Howard Knapp". He crawled under the living room floor and attached the dynamite and exploder cap to the radio wires of the Knapp house. He knew that when the radio was played the dynamite would be exploded. All the elements to constitute an attempt were proven: an intent to do an unlawful act (to blow up the prose-

cutor, Knapp); the performance of an overt act in furtherance of the accomplishment of the purpose (the placing of the dynamite under the house; the wiring of the dynamite, and the attaching of the wires to the radio); failure of the consummation of the act intended (the actual firing of the explosive). The defendant had done all that was necessary to carry out his intent which was thwarted solely because Knapp discovered the dynamite before he turned on the radio.

If the dynamite had been exploded, the crime would have been completed regardless of the result of the explosion and the evidence in this case would clearly sustain a jury's verdict of defendant's guilt of an attempt to commit the crime charged in the indictment, even though no explosion actually occurred.

The test to be applied to the validity of a demurrer is whether the evidence produced and the inferences reasonably drawn therefrom would support a verdict of guilty (*Com. v. Frank,* 159 Pa. Superior Ct. 271, 48 A. 2d 10) and it is our opinion that a jury should be given an opportunity to pass on the question of defendant's *attempt* to commit the crime with which he was charged.

The order of the court below sustaining defendant's demurrer is reversed, with a venire in accordance with this opinion.