## Commonwealth v. Julian

*Robert W. Tredinnick*, for Commonwealth.
*James R. Caiola*, for defendant.

FORREST, J., December 14, 1956.—The district attorney has filed with this court a so-called "appeal" from the sustaining of a demurrer to the evidence on a charge of forgery. The question presented here is whether a verdict of guilty of forgery within the intent and purpose of section 1014 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §5014, could have been sustained under the evidence presented. This section is as

follows: "Whoever *fraudently* makes, signs, alters, utters or publishes, or is concerned in the fraudently making, signing, altering, uttering or publishing any written instrument, to *the prejudice of another's right, with intent to defraud any person* . . . , is guilty of a felony . . ." (Italics supplied).

The proper test to apply to determine the validity of a demurrer to the evidence is whether the evidence produced and all the facts testified to and the inferences which reasonably may be drawn therefrom support a verdict of guilty: Commonwealth v. Frank, 159 Pa. Superior Ct. 271 (1946). The Commonwealth's evidence in this case will now be summarized. On November 21, 1955, defendant, Anthony Julian, visited the shop of Kenneth H. Shainline, a plumbing contractor. He offered to sell a certain gas water heater to Shainline for $40. He told Shainline that the heater was excess material on a construction job of Ricci Construction Company. Shainline agreed to buy the heater and requested a bill of sale. Defendant procured a letterhead of Ricci Construction Company from the mother of the proprietor thereof, and made out a bill of sale, affixing the signature "B. F. Ricci" at the end thereof. Shainline executed a check payable to Ricci Construction Company in the agreed amount, and handed it to defendant. Shainline testified that the heater was worth more than he paid. B. F. Ricci was the sole proprietor of Ricci Construction Company, and defendant endorsed the name of said proprietor on the back of the check. Defendant negotiated the check to a Mr. Karcewski, the proprietor of a local store, in exchange for certain merchandise. Mr. Karcewski deposited the check for collection which was made in due course. In fact, Ricci never authorized the sale of the heater and never authorized defendant to endorse the check. However, since he never owned the heater, he was not prejudiced and he testified that no

wrong had been done to him. It was not testified who owned the heater; no claim of title thereto has been made against Shainline, nor has Shainline claimed that he was injured or defrauded in any way. Mr. Karcewski cashed the check and he was prejudiced in no way. So far as the Commonwealth's evidence was concerned defendant may have owned it.

The Commonwealth contends that actual prejudice of another's right is not an element of the crime charged, that only possible prejudice need be proved. Commonwealth v. Powers, 110 Pa. Superior Ct. 319 (1933), the only case cited in the Commonwealth's brief, does not support this contention; it simply states that the language of the act "is broad and comprehensive enough to include any and all rights", including the right to vote which had been prejudiced by the forging of signatures on a petition to strike off certain names from a voters' registration list.

The Commonwealth also relies on the statement in Trickett, Pa. Criminal Law, vol. 1, p. 131, that: "The intent to defraud would not be sufficient to make the making, altering, etc., forgery, unless there was a possibility that someone would be in fact defrauded." That does not support the Commonwealth's position. It simply states that there must not only be an intent to defraud, but a possibility that someone might be prejudiced.

The act specifies that an essential element of the crime is *intent to defraud any person by the signing of the instrument*. The evidence fails to disclose that defendant had any intent to defraud any person by anything that he did. Shainline received what he bargained for. He was not defrauded and no fraudulent intent as to him may be imputed to defendant. Ricci had no interest in the heater which was sold and he expressly testified that he was not wronged by Julian's endorsement of Ricci's signature. The only reasonable

inference to be drawn is that defendant lacked an intent to defraud Ricci. The endorsee of the check cashed the same and suffered no loss, and the bank which cashed the same suffered no loss. None of the persons involved in these transactions has alleged or testified that defendant intended to defraud anyone or that anyone actually sustained any loss. For reasons best known to him, the district attorney alone contends that such is the case and that contention is unsupported by the evidence. For this reason the demurrer to the evidence was properly sustained.

And now, this December 14, 1956, the so-called "appeal" filed by the district attorney, considered as a motion for new trial, is dismissed.