## City of Monessen v. Rostraver Township School District

*Frank P. Ezerski, Jr.,* for plaintiff.
*Everett S. C. Sorber,* for defendant.

O'CONNELL, J., July 1, 1957.—We have before us a case stated and the facts very briefly are as follows: On August 25, 1955, the City of Monessen annexed two portions of the Township of Rostraver. On November 4, 1955, the State council of education decreed that the said two annexed areas shall continue to be and to remain a part of the School District of Rostraver Township. At the time of the annexation, both the school district and the City of Monessen had levied a one percent wage tax on the residents of their respective municipalities.

The question before the court is whether or not both the City of Monessen and the School District of Rostraver Township are permitted to levy one percent wage taxes on the residents of the areas, or whether or not the moneys collected by the special tax collector of the Township of Rostraver, which is being held in escrow, should be divided equally between the city and the township.

It seems to be clear that not more than one percent tax can be levied on the residents of this area, as under the act it is not permitted to levy more than one percent and it would be inequitable to declare this act invalid and permit both the township school district and the City of Monessen to levy the one percent tax, which would be doubling the amount of the tax other residents of the same area pay. The Act of June 25, 1947, P. L. 1145, which is in question, seems to be silent on the question of annexation of this kind.

"Act 481, as amended, contains maximum limitations, as to rates, applicable to certain of the taxes that may be levied under the act. Since both school

districts and the municipalities and townships located within the same boundaries may levy taxes under Act 481, there are special provisions that provide, in effect, that if two contiguous local governments levy the same tax at the same time, the total levy of the two may not exceed the maximum rate fixed in the law": Pennsylvania Municipal Ordinances, by Chrostwaite and Smedley, page 51.

We are of the opinion that the levying of the tax by both the city and township school district would result in the people within this area paying more taxes than the people in other sections of the same municipalities and, obviously, this would be unconstitutional. We are also of the opinion that we should so construe this act as to make it effective for both the township school district and the City of Monessen.

The court has a duty "to give, if possible, an interpretation of this statute that will not conflict with the constitution": Commonwealth v. Frank, 159 Pa. Superior Ct. 271.

It seems that Mildred L. Turner, special tax collector for the School District of Rostraver Township, has collected and will collect wage taxes as levied by the School District of Rostraver Township and the City of Monessen from residents and wage earners from the aforesaid two annexed areas for the period covered by this controversy. We, therefore, enter the following:

*Decree*

And now, to wit, July 1, 1957, it is ordered, adjudged and decreed that the tax to be levied and collected by the two municipalities in this area shall not exceed one percent and that the moneys which are held in escrow by Mildred L. Turner, special tax collector for the School District of Rostraver Township, be divided equally between the City of Monessen and the School District of Rostraver Township from and after the date of the annexation, which is August 25, 1955,

up to and including the date upon which the City of Monessen gave proper notice of its intention to the school district to levy such tax. After proper notice has been given and a proper levy made by each municipality, thereafter, each tax collector shall collect one-half of one percent wage tax on the residents in these annexed areas.