## Kirchoff, Appellant, v. Baltadonis.

Argued March 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Edwin E. Naythons,* with him *Freedman, Landy & Lorry,* for appellant.

*John M. McAllister,* for appellee.

Opinion by Wright, J., April 15, 1965:

Robert Kirchoff filed a complaint in trespass against John Baltadonis to recover damages for personal injuries sustained on December 12, 1958, when Kirchoff was assaulted in and ejected from John's Cafe. After a three-day trial, with Judge Blanc presiding, the jury returned a verdict for the plaintiff in total amount of $9,000.00, of which the sum of $7,500.00 was compensatory damages and the sum of $1,500.00 was punitive damages. Baltadonis filed motions for judgment n.o.v. and for a new trial. The court below refused to enter judgment n.o.v., but granted a new trial, opinion by President Judge Gold. Kirchoff has appealed.

The primary issue at the trial was whether Kirchoff had been assaulted and ejected by Baltadonis or by a patron named Brannigan. A secondary issue was the extent of Kirchoff's damages. We have carefully reviewed this voluminous original record and agree with the court below that the evidence was sufficient to support the verdict. It was therefore proper to refuse to enter judgment n.o.v. In our view, however, the court below erred in granting a new trial.

While the grant or refusal of a new trial is ordinarily a matter for the discretion of the court below, in order to determine whether this discretion has been abused, we must examine the reasons set forth in its opinion: *Davidson v. Eagal,* 411 Pa. 539, 192 A. 2d 417. In the case at bar, the court below dismissed all of the reasons for a new trial except one. The new trial was granted solely on the ground that the trial judge erred in his charge on burden of proof. As stated in the opinion below: "In his charge the trial judge merely stated that the burden of proof is upon the plaintiff. He did not add the vital language 'by the preponderance of the evidence' nor did he define or explain this term".

In fairness to the learned judge who wrote the opinion below, it should be noted that, concluding that the defendant had not persevered in a specific exception, he was of the personal view that it was improper for counsel to sit by silently and later complain of a matter which could have been rectified at the time by the trial judge. See *DeMichiei v. Holfelder,* 410 Pa. 483, 189 A. 2d 882. However, he felt bound by the opinion of our Supreme Court in *O'Toole v. Braddock Borough,* 397 Pa. 562, 155 A. 2d 848, wherein it was stated that the instruction on burden of proof given by the trial judge in that case[1] was erroneous, since it supplied the jury "with no measurement as to the burden of proof imposed on the plaintiff". We do not consider the *O'Toole* case controlling in the instant situation.

In the first place, there were many errors in the charge of the trial judge in the *O'Toole* case. We are convinced that a new trial would not have been granted solely because of the instruction on burden of proof. In fact, the Supreme Court opinion cites on that point the case of *Se-Ling Hosiery v. Margulies,* 364 Pa. 45, 70 A. 2d 854, wherein the following statement appears: "We think it would be unfair to take away the verdict plaintiff secured merely because the trial judge in his charge as to plaintiff's burden of proof omitted the phrase 'by the fair preponderance of the evidence'. This slight departure from the formula customarily used in charging a jury in a civil case does not amount to reversible error".

In the second place, the trial judge in the case at bar did use the words "preponderance of evidence". He affirmed and read to the jury the defendant's first

---

[1] "The burden of proof is on the plaintiff to establish her right of recovery and the amount of the recovery, and if the plaintiff is unable to do that satisfactorily, the verdict must be for the defendant".

point for charge, which was as follows: "More than a mere preponderance of evidence is necessary where the plaintiff's cause of action is founded upon a crime imputed to the defendant, for in such case there is a presumption of innocence in aid of the defendant, which must be overcome by evidence so preponderating as fairly to lead to the conclusion that the act complained of was committed". Counsel for plaintiff took an exception to the affirmance of this point. Certainly the defendant is in no position to complain. New trials should not be granted "unless the interests of justice imperatively require them": *Richette v. Pennsylvania R.R.*, 410 Pa. 6, 187 A. 2d 910.

The order granting a new trial is reversed, and judgment is here entered for appellant on the verdict.