Commonwealth *v.* Milliner, Appellant.

Argued June 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Michael L. Levy,* Assistant Defender, with him *John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Arthur G. Makadon,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 21, 1971:

Appellant was indicted on Bill Nos. 1450, 1451, 1452 and 1453, May Sessions, 1970, charging him respectively with aggravated robbery, carrying a concealed deadly weapon, receiving stolen goods and assault and battery. He was tried by a Judge sitting with a jury and convicted on all four charges. Sentencing was deferred until September 29, 1970, at which time appellant was sentenced to serve from eight to sixteen months in the County Prison on Bill No. 1450. Sentence was suspended on the other Bills.

Thereafter the Commonwealth filed a petition for reconsideration of sentence. Pursuant to this petition another hearing was held and the trial judge vacated the sentence on Bill 1450 and imposed a new sentence

thereon of three to six years in a State Correctional Institution. This appeal followed.

Appellant first contends that the trial court committed reversible error in that portion of the charge to the jury explaining the Commonwealth's burden of proof. The court initially charged that:

". . . [I]t is the job of the Commonwealth to bring before you such narration, such tellings, in brief such testimony, that the jury upon considering all of it will come to the conclusion that the testimony satisfies you upon a consideration of all of the testimony beyond a reasonable doubt that those charges are proved.

"Your question always is as to each one of the charges, does the testimony bring you to the point where you say that you are convinced beyond a reasonable doubt that those charges have been made out, and that upon a consideration of all of the testimony.

"So you take the testimony on one side and the other. You ask yourselves what does the testimony, all of it, separately and collectively establish, prove? How much reliability, how much belief, how much confidence do you place in the testimony of everyone that came before you?

"Then you ask yourselves the next question, how much weight do you put upon that testimony? What do I mean by that? *Imagine in your own minds a set of scales. You put on those scales the amount of weight that you accord to everyone who appeared before you. Then you ask yourselves do the scales tip in favor of guilt or in favor of innocence, or are they equal? Because if they are equal, the Commonwealth has not carried its burden, its job. The Commonwealth, the State, has the job of putting on the one side of the scales, its side of the scales, so much testimony that you can conclude that those scales tip in favor of the Commonwealth's position, that is in favor of guilt, so much so that you are satisfied of that tipping beyond a reasonable doubt.*"

In order to determine whether this portion of the charge constituted reversible error, we must of course consider the charge as a whole. *Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301 (1968); *Commonwealth v. Whiting,* 409 Pa. 492, 187 A. 2d 563 (1963). After reading the entire charge, we can only conclude that, following the above instructions, the jury could have found appellant guilty if they believed beyond a reasonable doubt that the "scale" had *tipped* in favor of conviction. A later portion of the charge correctly stating the definition of reasonable doubt could not have erased this impression because immediately after this correct definition, the court returned to the analogy of the scale: "If there remains on the scale testimony that satisfies your minds that that (sic) is in favor of the guilt, the conclusion of guilt, and in your minds you are satisfied beyond a reasonable doubt that that testimony weighs that much, then the man is guilty."

These portions of the charge thus set a standard that only slightly differs from that applied in civil cases. In civil actions, "[w]hen the jury finds that the pan on the plaintiff's side of the scales of justice has descended below the horizontal, while the defendant's dish has risen above the level plane, the plaintiff has met his burden and the jury is required to return a verdict in favor of the plaintiff." *O'Toole v. Braddock Borough,* 397 Pa. 562, 564, 155 A. 2d 848, 850 (1959); *Se-Ling Hosiery, Inc. v. Margulies,* 364 Pa. 45, 70 A. 2d 854 (1950). The only difference present in the instant case is that the jury was required to find this tipping beyond a reasonable doubt. This is not the same as the constitutionally mandated standard of "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [a defendant] is charged." *In Re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970). Thus, the trial court erred and the jury could easily have been misled by this analogy to the tipping of a

scale. The jury could have found appellant guilty even if there was a reasonable doubt as to whether he had in fact committed the crimes. This is especially true since at trial the question of appellant's guilt was largely a question of credibility.

Even though unobjected to at trial, the error in the charge to the jury constitutes basic and fundamental reversible error. *Commonwealth v. Williams,* supra.

The judgment of sentence is vacated and appellant is granted a new trial.[1]

WRIGHT, P. J., concurs in the result.

---

[1] Appellant also asserts that the action of the trial judge in vacating appellant's sentence seventeen days after it was imposed and imposing a harsher sentence violated appellant's right to be free of double jeopardy. Appellant cites the recent case of *Commonwealth v. Silverman,* 442 Pa. 211, 275 A. 2d 308 (1971). The District Attorney concedes that *Silverman* is applicable but urges us to wait until the final disposition of the Commonwealth's Petition for Certiorari in the Supreme Court of the United States. Since I believe that appellant is entitled to a new trial I do not have to reach this issue, although it should be noted that this Court has already decided cases on the basis of *Silverman.* See, *Commonwealth v. Lemley,* 218 Pa. Superior Ct. 350, 280 A. 2d 429 (1971) ; *Commonwealth v. Jackson,* 218 Pa. Superior Ct. 357, 280 A. 2d 422 (1971).