Dissenting Opinion by
Hoffman, J.:
This is an appeal from appellant’s conviction for violating the Flag Desecration Act.[1] The Act prohibits mutilating, defacing, defiling, trampling upon, or casting contempt upon the American Flag or any representation thereof.[2]
Appellant was arrested on May 29, 1970, for wearing a six by eight inch replica of the American Flag sewn on the seat of his pants. The appellant was tried before a jury on September 23, 1970. During the course of the trial, the judge instructed the jury as follows: “In a crime such as the one charged in this case there must exist both the act or the conduct charged, and a criminal intent. To constitute criminal intent it is not necessary that there exists any intent to violate the law, but when a person intentionally does that which the law considers to be a crime, he is acting with criminal intent even though he may not know that his acts or conduct are unlawful.” Appellant’s attorney filed a general objection to the charge, but did not specifically object to the aforesaid portion of the charge on criminal intent.
*513 Whether or not criminal intent is an essential element of a statutory offense is a matter of statutory construction which must be determined in light of the statute’s language and in view of the purpose of the legislation. Commonwealth v. Jackson, 146 Pa. Superior Ct. 328, 331, aff'd per curiam, 345 Pa. 456, 28 A. 2d 894 (1942). There are some statutory crimes — e.g., the pure food and drug acts, child labor laws, liquor control legislation, and speeding ordinances — which utilize the criminal justice machinery to enforce social regulations of a purely civil nature. Commonwealth v. Koczwara, 397 Pa. 575, 580, 155 A. 2d 825 (1959). Punishment in those instances is totally unrelated to the question of criminal intent, for “social interest in the general well-being and security of the populace has been held to outweigh the individual interest of the particular defendant.” Commonwealth v. Koczwara, supra. Flag desecration is 3iot a “social interest” crime in which the statute was enacted to protect the physical well-being of the community. Where the subject matter of the prohibition does not indicate a legislative intent to dispense with the element of criminal intent, the language of the statute must be examined in order to determine the legislative intent. Commonwealth v. Bready, 220 Pa. Superior Ct. 157, 286 A. 2d 654 (1971). If the statute does not literally require criminal intent, that alone is not dispositive. Commonwealth v. Bready, supra.
In State v. Turner, 78 Wash. 2d 276, 474 P. 2d 91 (1970), the appellant was prosecuted for violating the Washington flag desecration statute. In essence, the statute declared that: “No person shall publicly mutilate, deface, defile, defy, trample upon or by word or act cast contempt upon any such flag, standard, color, ensign, or shield.” State v. Turner, supra, 78 Wash. 2d at 276, 474 P. 2d at 92. During the course of Turner’s trial, the judge charged the jury: “It is not required *514 that you find the defendant intended to violate the law. You are only required to find that the defendant performed the physical act charged.” Turner, supra at 280, 474 P. 2d at 94.[3] The Washington Supreme Court held that the elements of intent, design, and purpose are indispensable to a proof of guilt unless the statute expressly eliminates those elements in a flag desecration case:
“In essence, to defile or hold up to contempt is conduct involving moral turpitude. Therefore to sustain a conviction of desecrating the flag as defined by that statute, the acts must have been done knowingly and intentionally with an intent or purpose of defiling or desecrating it or holding it publicly up to contempt. . . .
“Words such as deface, defile, defy or cast contempt upon strongly imply that the described conduct shall be held criminally actionable only when the interdicted conduct is done with an evil design or purpose. If this were not so, the legislature could readily have said otherwise. . . .
“The state to sustain a conviction is obliged ... to prove that the burning of the flag in public, or the aiding or abetting of it, was done with intent or design or purpose to defile or defy or cast contempt upon the flag and in the absence of such an intent, design or purpose the crime has not been shown.” State v. Turner, supra at 281-82, 284, 474 P. 2d at 94-96. (Emphasis added.)
I am in agreement with State v. Turner. Just as the Washington statute, the Pennsylvania statute pro *515 Mbits desecrating the flag, but the enactment does not explicitly set forth whether or not the prohibited conduct must be accompanied by criminal intent in order to constitute a breach of the statute. The descriptive words used in the Pennsylvania statute, however, clearly indicate that the act must be done with an evil intent or purpose to be a violation of the Flag Desecration Act. Consequently, a charge negating the element of intent is improper.
Although the trial judge’s instructions to the jury with respect to intent were erroneous, appellant’s attorney failed to specifically object to the charge. General exception to a judge’s charge to the jury waives all errors in the charge other than those which constitute basic and fundamental error. Commonwealth v. Waychoff, 177 Pa. Superior Ct. 182, 188, 110 A. 2d 780 (1955). When the court erroneously instructs the jury on an issue which is essential to the defendant’s case, there can be no reasonable basis for the defense counsel’s failure to object; such an error is basic and fundamental and is reversible. Commonwealth v. Miller, 448 Pa. 114, 123, 290 A. 2d 62 (1972). Thus, an improper instruction on what constitutes criminal intent is reversible whenever specific intent is an essential element of the crime. Bloch v. United States, 221 F. 2d 786, 788 (9th Cir. 1955) ; Mann v. United States, 319 F. 2d 404, 410 (5th Cir. 1963), cert. denied, 375 U.S. 986 (1964).[4]
I believe that the instruction to the jury on criminal intent was improper and constitutes reversible error.
*516 The section of the Flag Desecration Act which prohibits mutilating, defacing, defiling, trampling upon or casting contempt upon the American Flag does not apply to a situation where an ornamental picture or badge is involved.[5] The trial judge failed to instruct the jury with regard to this affirmative defense. I do not reach the question of whether the lower court’s failure to instruct the jury on this affirmative defense constitutes basic and fundamental error because the lower court’s charge on criminal intent requires remand for a new trial. Commonwealth v. Miller, supra.[6]
Appellant’s patch worn upon the seat of his pants was a representation of the American Flag. A badge has been defined as “the token of anything.” Black’s Law Dictionary, 4th Edition (1951). An ornament has been defined as “that which enhances, embellishes, decorates, or adorns.” Blairmoor Knitwear Corporation v. United States, 284 F. Supp. 315 (Customs Ct. 1968). The appellant’s wearing of the replica of the flag appears to fall within these broad definitions.
For the above reasons, I would vacate the judgment of sentence and grant appellant a new trial.[7]
Spaulding, J., joins in this dissenting opinion.

 June 24, 1939, P. X. 872, section 211, as amended, August 8, 1967, P. L. 201, section 1 (18 P.S. §4211).

 “Whoever . . . publicly or privately mutilates, defaces, defiles, or tramples upon, or casts contempt either by words or act upon, any such flag, standard, color or ensign, is guilty of a misdemeanor . . . .” June 24, 1939, P. L. 872, section 211, as amended, August 8, 1967, P. L. 201, section 1 (18 P.S. §4211).

 In both Turner and the instant ease, the trial judge in effect instructed the jury that the defendant should be convicted if he committed the alleged physical act. Even though the trial judge in the instant ease instructed the jurors that the appellant could not bo convicted unless he possessed the requisite intent, the judge dissipated the effect of this instruction by stating that intent exists if the physical act has been performed.

 Cf. Commonwealth v. Williams, 432 Pa. 557, 248 A. 2d 301 (1968) ; Commonwealth v. O'Brien, 312 Pa. 543, 168 A. 244 (1933) ; Commonwealth v. Milliner, 219 Pa. Superior Ct. 359, 281 A. 2d 763 (1971) ; Commonwealth v. Banks, 216 Pa. Superior Ct. 405, 268 A. 2d 230 (1970).

 “This section does not apply to . . . ornamental picture, or badges, ... on any of which shaU be printed, painted, or placed said flag, or representation thereof . . . .” June 24, 1939, P. L. 872, section 211, as amended, August 8, 1967, P. L. 201, Section 1 (18 P.S. §4211).

 In Miller, the trial judge improperly charged the jury with respect to the affirmative defense of self defense. The Supreme Court of Pennsylvania held that this constitutes basic and fundamental error.

 I need not determine the appellant’s constitutional claims, but I believe the following should be noted: The words of a penal statute must be sufficiently explicit to allow those subject to the enactment to understand what conduct is proscribed. Due process of law is violated where the statute is so vaguely worded that “men of common intelligence must necessarily guess at its meaning and *517 differ as to its application.” Lanzetta v. New Jersey, 308 U.S. 451, 453 (1939). Vagueness in a penal statute is particularly offensive where First Amendment rights are involved because freedom of speech is in a preferred position. Murdock v. Pennsylvania, 319 U.S. 105, 115 (1943). Government must regulate the area of free speech with narrow specificity because there exists a clear possibility that the exercise of free speech may be chilled by such legislation. Hodsdon v. Buckson, 310 F. Supp. 528, 532 (D.C. Del. 1970) (Construing the Delaware Flag Desecration Act).
Free speech consists of more than mere speaking, for symbolic acts such as the wearing of a black armband, constitute “pure speech” which is protected by the First Amendment. Tinker v. Des Moines Independent School District, 393 U.S. 503, 505-506 (1969). The symbolic significance of flying an American Flag has been recognized, Hodsdon v. Buckson, supra at 533, and this could be considered “pure speech.” A flag desecration statute may not be used to punish an individual for mere words. Street v. New York, 394 U.S. 576 (1969); neither may a state attempt to punish an individual for symbolic acts against the flag when those acts constitute “pure speech”: “The right of protest includes the right to be derisive, disdainful, contemptuous and even defiant of government and what may be thought to be in a given context its symbols of authority.” Parker v. Morgan, 322 F. Supp. 585, 589 (W.D. No. Car. 1971). Some nominally contemptuous acts might, therefore be protected by the First Amendment.
The phrase “cast contempt” is vague especially in light of modern trends. Clothing, furniture, automobiles and other items are now covered by the stars and stripes. “These new informal usages, at variance with traditional flag etiquette, add to the difficulty of interpreting older flag laws which . . . condemn one who treats the flag contemptuously but do not define exactly what is meant.” Goguen v. Smith, 343 F. Supp. 161, 164 (D.C. Mass. 1972).
The state has a legitimate interest in protecting the flag from physical harm, but this should be the outermost limit of the state’s interest. Parker v. Morgan, supra, at 590. This has been recognized by the Congress of the United States, which enacted a Flag Desecration Act in which “cast contempt” is defined as mutilating, defacing, defiling, burning or trampling upon the flag. Hoffman v. United States, 445 F. 2d 226, 227 and 229 (C.A. D.C. 1971). While the American Flag is entitled to protection against desecration, a greater burden of proof may well be imposed where a simulated design of the flag rather than the flag itself is desecrated. Hoffman v. United States, supra, at 229 (note 9); see Parker v. Morgan, supra, at 588.
*518 A penal statute must be strictly construed in a common sense manner. Commonwealth v. Paul, 177 Pa. Superior Ct 289, 292 (1955). Thus, tbe court must presume that the legislature did not intend an absurd result to arise from the enforcement of the act. Statutory Construction Act, 1937, May 28, P. L. 1019, Art. IV, Section 52 (46 P.S. §552). A statute should be construed in order to bring the enactment within the scope of the constitution. Commonwealth v. Frank, 159 Pa. Superior Ct. 271, 277, 48 A. 2d 10 (1946).
In the construction of laws, where general words follow an enumeration of words with a specific meaning, such general words should not be construed to their widest extent but should be construed narrowly in light of the words which preceded them. Black’s Law Dictionary, supra. This is the principle of ejusdem generis. Unless this principle is applied, there is no way for a man of common intelligence to understand the scope of the phrase “cast contempt” Words such as deface, defile, mutilate or trample upon connote physical destruction. When these words precede the phrase “cast contempt” in a statute, “east contempt” should be limited in scope to mean those acts physically abusing the flag. Parker v. Morgan, supra, at 590; State v. Saionz, 23 Ohio App. 2d 79, 52 O. O. 2d 64, 261 N.E. 2d 135 (1969) ; State v. Hodsdon, 289 A. 2d 635 (Del. Super. Ct 1972) ; Statutory Construction Act, 1937, May 28, P. L. 1019, Art. III, Section 33 (46 P.S. §533).