## Commonwealth v. Carter

*Barbara Joseph*, Assistant District Attorney, for Commonwealth.

*Rudolph S. Pallastrone*, for defendant.

RIBNER, J., December 12, 1973.—On October 19, 1972, defendant, Turhan Carter, and a co-defendant, after waiving their rights to a jury trial, were each found guilty of attempted burglary and not guilty of unlawfully resisting arrest and loitering and prowling. Motions for a new trial and in arrest of judgment were filed, and the only real question concerns the sufficiency of the evidence to support the verdict finding defendant Carter guilty of attempted burglary. The motion in arrest of judgment sets forth the averment that the evidence was insufficient to sustain the verdict, and the motion for new trial has the usual averments that the verdict is contrary to (1) the evidence, (2) the weight of the evidence, and (3) the law.

The definition of burglary as set forth in the Act of June 24, 1939, P.L. 872, sec. 901, 18 PS §4901, is as follows:

"Whoever, at any time, wilfully and maliciously enters any building, with intent to commit any felony therein, is guilty of burglary, a felony, and upon conviction thereof, shall be sentenced to pay a fine not exceeding ten thousand dollars ($10,000), or to undergo imprisonment, by separate or solitary confinement at labor, not exceeding twenty (20) years, or both."

Defendant Carter was observed by an officer while attempting to gain entry into a dwelling house.

" 'An attempt, in general, is an overt act done in pursuance of an intent to do a specific thing, tending to the end but falling short of complete accomplishment of it. In law, the definition must have this further qualification, that the overt act must be sufficiently proximate to the intended crime to form one of the natural series of acts which the intent requires for its full execution' ": Commonwealth v. Kocher, 162 Pa. Superior Ct. 605, 607 (1948), and cases cited therein.

At the trial of the case, the police officer testified that at approximately 2:55 a.m. on April 13, 1972, while in uniform in a stake-out vehicle along with his partner, he observed one male standing on a corner looking around and upon turning into the street in question, observed a second male, defendant Carter, at the premises in question. The officer saw defendant Carter throw his body weight against the door of the house, while the officer was approximately one-half block from the house, and at that time, the first person observed turned, said something to defendant, and they both ran off. Defendant was apprehended shortly after that by the officer who had pursued him. Upon returning to the residence involved, the officer saw that the door had been partially broken open and while the officer knocked on the door, "the door just came right in." The officer entered the house, saw there was no one home but there was furniture in the premises. " '. . . [T]he

test for the sufficiency of evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty. . . .' 'In view of the jury's verdict, the evidence must be read in a light most favorable to the Commonwealth, and the Commonwealth is entitled to every reasonable inference arising from that evidence' ": Commonwealth v. Rankin, 441 Pa. 401 (1971).

It can be seen from the testimony that the judge, sitting without a jury, had direct evidence that defendant was attempting to gain entry into a house, which the record shows was not his own, and that obviously a good bit of force was being applied to the door because, when the officer returned, the door was still closed but it opened upon the officer's touch. If the door had been in a condition to open easily for defendant, the hurling of defendant's body against the door would have resulted in defendant's sudden disappearance from the officer's view.

For these reasons, the trier of fact concluded that defendant applied force to open the door and just before the door finally opened, he was interrupted by the officer. A review of this record compels a finding that the only purpose in defendant's unusual action, at 2:55 a.m., was to commit a larceny inside the home.

For these reasons, the court denied the post trial motions as well as a petition for reconsideration of the sentence, which was a term of imprisonment of not less than one and one-half years nor more than three years.