Commonwealth *v.* Sheasley et al., Appellants.

Argued April 16, 1931.

Before Trex-
ler, P. J., Keller, Linn, Gawthrop, Cunningham,
Baldrige and Drew, JJ.

*George A. Baldwin,* and with him *Forest B. Moore-
head* and *M. P. Breene,* for appellant.

*E. C. Breene,* for appellee.

Opinion by Gawthrop, J., July 8, 1931:

These two appeals are from separate orders made
by the Honorable William M. Parker, President Judge
of the orphans' court of Venango County, adjudging
Charles H. Sheasley and Q. D. Hastings in contempt,
and ordering each of them to pay a fine. They arise
out of one transaction in the court below, were argued
together in this court, and will be considered in one
opinion.

The appellant Sheasley and the Franklin Trust Company, being two of the executors of Jacob Sheasley, deceased, filed in the court below a petition for a citation on Jacob J. Sheasley, another of the executors of said estate, and a rule was granted to show cause why certain sums of money should not be charged to Jacob J. Sheasley. Q. D. Hastings, the other appellant, a member of the bar of Venango County, was counsel for the petitioners. After a hearing on this rule the court made an order awarding an issue to the common pleas for the ascertainment of certain facts. To this order the petitioners filed exceptions on March 17, 1930. On April 28, 1930, at a regular session of the orphans' court of Venango County, the appellant Hastings presented and read to the court a petition of Sheasley, the other appellant, who was present. This petition recited the procedure pursuant to the first mentioned petition, and averred that the actions of Judge PARKER in connection therewith showed, or reasonably tended to show, that he "has taken an unwarranted, prejudiced and unjudicial interest in the case, in that the said judge delayed a decision of the case and during the period of delay, did, in an unjudicial manner, aid and assist respondent and his counsel, to the end that amendments might be prepared and filed, which, on their face, as indicated by the said judge, are in contradiction of the proofs as submitted by the evidence at the hearing. That the exceptions heretofore mentioned in this petition and filed in this case point out in particular the purpose of the said judge to compel an adjudication of the case, not in accordance with the undisputed facts, as developed at the hearing, but according to such testimony as the respondent may hereafter submit to a jury, as by said judge contemplated, to determine not the intention of the deceased at the time the money was paid over, but to determine the intention of the

respondent as such intention will be claimed after said judge's opinion has been adopted and followed by the respondent.'' The prayer was that the court ''call in some other judge to hear and pass upon the said exceptions and to take charge of the case.'' A rule to show cause was granted forthwith. Judge PARKER then requested the Supreme Court to assign another judge to hear and decide the matter. Honorable FRANK E. READER, President Judge of the 36th Judicial District was designated, assumed the duties of his appointment and held a hearing at which Judge PARKER testified. On September 15, 1930, Judge READER filed an order discharging the rule and dismissing the petition.

On December 8, 1930, Judge PARKER entered a separate rule on each of appellants to show cause why an attachment should not issue against each of them ''to the end that he be held to answer a charge of contempt of this court in presenting and pursuing'' the petition to call in another judge, ''as misbehavior in the presence of the court and obstructing the administration of justice.'' The orders for these rules contained, in addition to a statement of the above recited facts, an averment that ample time had expired during which Charles H. Sheasley had an opportunity to withdraw the charges made by him against the court, and during which Q. D. Hastings had opportunity to disavow responsibility for his part in said proceeding, and that all of the charges of misbehavior against President Judge PARKER in the petition were untrue.

Upon the return day of these rules, December 22, 1930, appellants moved to quash the rules and Judge PARKER fixed December 30th as the time for argument. After argument on that day he forthwith dismissed the motions to quash. Whereupon, appellants immediately filed answers to the rules, in which they

denied that their behavior in connection with the petition to call in another judge had obstructed the administration of justice in the court, and averred, inter alia, that the petition was presented in a respectful manner and in good faith; that Judge PARKER treated the question raised as to his disqualification as one warranting a judicial consideration and determination by granting a rule to show cause why the prayer of the petition should not be granted; that all the statements of fact in the petition were true and that they had not been determined to be false or maliciously made.

Upon the filing of these answers Judge PARKER, without holding a hearing, immediately filed an opinion and order in each case, adjudging appellants in contempt "for misbehavior in the presence of the court and obstructing the administration of justice." Sheasley was sentenced to pay to the County of Venango the sum of $350 and to stand committed until the fine should be paid or discharged. Hastings was sentenced to pay a fine of $500 upon like terms. The orders recited that after appellants filed their answers they were asked by Judge PARKER whether they wished to be heard and that they replied that "they desired to stand upon their answer and did not have anything further to offer," and that, thereupon, the sentences were pronounced; and that all of the charges of misbehavior have "been found to be untrue by a disinterested judge, and are in fact untrue," and that notwithstanding the fact that when opportunity was given to sustain the allegations of the petition, appellants failed completely to do so, but nevertheless filed answers repeating the charges made in the petition to call in another judge.

The right to punish for contempt is inherent in all courts: Snyder's Case, 301 Pa. 276; Ex Parte Terry, 128 U. S. 289, 32 L. Ed. 405. But the manner of its

exercise in this state is regulated by the Act of June 16, 1836, P. L. 793. By that act any person whose misbehavior in the presence of the court obstructs the administration of justice may be punished summarily by imprisonment or fines, or both, for the contempt. Where the contempt arises from some misconduct committed in the presence of the court, the appellate court will not inquire further than to ascertain whether the record shows such misconduct: In re Contempt of Myers & Brei, 83 Pa. Superior Ct. 383. But, as pointed out in that case, the conduct charged as constituting the contempt must be such that some degree of delinquency or misbehavior can be predicated on it because, if the act be only the assertion of the undoubted right of the party, it will not become a criminal contempt by being adjudged to be so. Suggesting a judge's disqualification to sit in the trial of a case is not ordinarily contempt. Section 21 of the Federal Judicial Code (36 Stat. at L. 1090, Chap. 231, Comp. Stat., par. 988) provides that whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit with the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, stating the facts and reasons for the belief that such bias or prejudice exists, such judge shall proceed no further therein, but another judge shall be designated in the manner prescribed in the act. If the facts averred in the petition of Sheasley were true or if he and his counsel had reasonable ground to believe them to be true and they were doing no more than informing the judge in good faith and in a respectful manner, of their reasons for believing that he was disqualified to sit, the presentation of the petition was not improper and it could not be considered contemptuous. As far as the record discloses Judge Parker did not indicate at the time of

the presentation of the petition that he considered it contemptuous. And his action in granting a rule upon it shows that he regarded it as raising a proper question for determination. But it seems to us that after Judge READER found that Judge PARKER was not disqualified to sit, the latter proceeded against appellants for contempt on the theory that Judge READER's findings established the fact that the presentation of the petition to have another judge hear the case was made with a malicious intent on the part of appellants, and amounted to such a defiance of the person and presence of the court before the public as to constitute a contempt of court. In proceeding upon this theory and sentencing appellants without according them a hearing in the contempt proceeding, the court fell into error. The question before Judge READER was whether the petitioner had established Judge PARKER's disqualification to sit in the original proceeding. Failure to establish such disqualification by no means established appellants' guilt of contempt. The intention and good faith of appellants in filing the petition to call in another judge had an important bearing on the question whether they were guilty of contempt. Although the charges of disqualification against Judge PARKER were made in open court, the making of them in the manner they were made did not constitute an act which required or permitted immediate action by the court for the purpose of preserving order in the court room, or vindicating the court's dignity or authority. The court could not act upon its own knowledge of the facts without further proof and immediately determine whether the facts justified punishment. When the contempt is not one justifying immediate penal vindication of the dignity of the court, there is no reason for dispensing with the opportunity of the accused to present his defense at a hearing. "Due process of law, therefore, in the prosecution of

contempt, except of that committed in open court, requires that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation": Cook v. U. S., 260 U. S. 517, 69 L. Ed. 767. This case was not conducted in accordance with that principle. Appellants told Judge PARKER that they stood upon their answer. The answer contained averments of fact which are to be taken as true until they are overcome by countervailing proof in a hearing held in the contempt proceeding. It was error to impose the sentences without a trial of the issues raised.

As the cases must be remanded one other matter seems to require consideration. The record discloses that the case is one in which the issue between the judge and the parties involves personal feeling that did not make for a calm judicial consideration and conclusion. While a judge may punish for a contempt against himself in official capacity, under the circumstances of this case we think that Judge PARKER should decline to sit at the hearing of these rules. That was the view expressed by our Supreme Court in Snyder's Case, supra, in which one of the judges who sat at the hearing was directly interested in the matter involved. For another precedent for calling in another judge in similar circumstances, see Cook v. U. S., supra. Our conclusion is, therefore, that when the case reaches the court below Judge PARKER should have another judge assigned to sit in the hearing against appellants.

The judgments of the court below are reversed and the cases are remanded for further proceedings.

LINN and BALDRIGE, JJ., dissent.