Brown et ux. *v.* Bahl, Appellant.

Argued November 22, 1933.

Before TREXLER, P. J., KELLER, CUN-NINGHAM, BALDRIGE, STADTFELD and JAMES, JJ.

*Wm. M. Rosenfield,* and with him *Rodney A. Mercur,* for appellant.

*Romeyn F. Culver,* for appellees.

OPINION BY JAMES, J., February 1, 1934:

This appeal is taken from the refusal of motions for a new trial and for judgment non obstante veredicto upon a verdict and judgment in an action for damages to an automobile and for personal injuries sustained in a collision between an automobile driven by the wife plaintiff and an automobile driven by defendant's sister for and on his behalf.

The accident occurred about six o'clock in the morning in full daylight, April 28, 1930, on Main Street, Towanda Borough. The weather was fair and the street dry at the time of the accident. Plaintiff introduced testimony that the wife, Blanche Brown, accompanied by her son and nephew, was driving a Hudson car in a careful manner in a northerly direction on the east side of the street, being the right hand side in the direction she was going; that she observed defendant's car approaching on the wrong side of the street and she drove her car to the right hand side of the street and brought it to a stop when it was struck head-on by defendant's car. This testimony was supported and corroborated by other witnesses, among whom was Almon V. Wooster, concerning whose testimony more will be said.

Defendant called as a witness the driver, Agnes Bahl, his sister, who testified she was driving a Chevrolet car on the west side (her right side) of the street. She observed plaintiff's car being driven in a zig zag manner and she drove her car on the west side of the street and brought it to a standstill, when plaintiff's car crossed the street and collided with defendant's car. Two of the occupants supported her testimony while a third occupant, Mrs. Anna McDonald, testified that the car was being driven at the time of the accident on the left hand or wrong side of the street.

The statement of the first question involved as set forth by appellant is as follows: Did the trial judge have knowledge of material facts to make him a competent witness and thereby disqualify him from sitting at the trial of the case?

The case had been regularly called and before plaintiff had completed his case the trial judge mentioned to defendant's counsel, as appears from the judge's statement on the motion to withdraw a juror, "That I came along there soon after the accident happened and observed where the cars were standing. At that time Mr. Mercur suggested that I should not preside at the trial of the case; and I informed him that nobody, so far as I knew, even knew that I came past the scene of the accident; and that I knew nothing about how the accident occurred. ......" The plaintiff's testimony was concluded and the defendant had offered his testimony and rested, when a motion was made to withdraw a juror on the ground that as the trial judge would have been a competent witness for either party, he was disqualified to preside at the trial. We can not help but feel that this motion was influenced largely by the fact that the testimony of one of defendant's witnesses was seriously prejudicial to his cause, as immediately upon the refusal to withdraw the juror, he called as for cross-examination his own witness, Mrs. Anna McDonald.

Appellant frankly concedes that he is unable to find authority in this State or elsewhere ruling the precise question involved. It is not claimed that the jury had any knowledge of the fact that the judge had passed the scene of the accident, neither is it asserted that the judge had or showed any personal interest, bias or prejudice against the defendant, or that he was harmed or prejudiced in any manner.

"While as a general rule the judge before whom a case is being tried is not a competent witness therein, yet he will not be deprived of his jurisdiction merely

because he himself is cognizant of the facts, and the mere fact that a judge may possibly be a witness in a case does not necessarily disqualify him from presiding in the trial of such case, ...... He will not be deprived of his jurisdiction merely on account of being a material and necessary witness, when his failure to testify will not involve a complete denial of justice." 33 C. J. 1011.

Undoubtedly a trial judge should not preside where he is a material witness but, in the instant case, where other witnesses were available as to the facts that he observed, there is no ethical or legal reason to disqualify him simply because of his knowledge, particularly where counsel have proceeded without formal objection until the case is practically concluded.

The cases of Dunmore Boro. Election, 299 Pa. 517, 149 A. 733; Snyder's Case, 301 Pa. 276, 152 A. 33; Com. v. Robinson, 102 Pa. Superior Ct. 46, 156 A. 582; Com. v. Sheasley et al., 102 Pa. Superior Ct. 384, 157 A. 27; Crawford's Estate, 307 Pa. 102, 160 A. 585, are not analogous to the facts in the present case as those cases involved the allegations that bias, prejudice, unfairness or interest disqualified the presiding or participating judge. This assignment of error is overruled.

The second assignment of error complains that the court erred in refusing to strike out a portion of the testimony of Arthur P. Watson, plaintiff's witness, as to the location of the dirt from the cars when they came together. Mrs. Brown had already testified where the dirt fell and that it remained in that position until other people came there. The witness's testimony was as to the location of the dirt and although pointed out by Mrs. Brown it was as to physical facts which, coupled with the testimony of Mrs. Brown, was clearly competent.

Defendant's eleventh point was as follows: "While drivers are expected to use the right hand side of the

road, yet it is not negligence per se if they drive elsewhere, and they are permitted to drive on the opposite side of the road or in the middle, if not a *menace* to drivers coming in an opposite direction." In answer to this point the trial judge stated, "The defendant's eleventh point we refuse, as drawn; but we will endeavor to answer that in our general charge." We have carefully examined the general charge and find that the point was practically affirmed, adopting the principles as laid down in the cases of Bloom v. Bailey et al., 292 Pa. 348, 141 A. 150; Wilson v. Con. Dressed Beef Co., 295 Pa. 168, 145 A. 81; Shellenberger v. Reading Trans. Co., 303 Pa. 122, 154 A. 297, and Boose v. Walker 86 Pa. Superior Ct. 218.

The word "menace" is generally regarded as a threat, a declaration of an intention to cause evil to happen to another, or a threatening attitude. Drivers of automobiles are not justified, under any circumstances, in operating their cars in such a manner as would indicate an intention to cause harm to happen to those who are lawfully upon the highway. We are of the opinion that in the language in which the point was drawn, it was properly refused.

Defendant's fourth assignment of error contends that judgment n. o. v. should be entered in view of the testimony of Almon v. Wooster, one of plaintiff's witnesses, who testified on cross-examination in part as follows: (p. 28a) "Q. Mr. Wooster, you are confident, are you, that the Bahl car, confident in testifying that the Bahl car ran into the Brown car? A. They both came together. Q. Do you testify that the Brown car didn't run into the Bahl car? A. Not as much as the Chevrolet ran into the Hudson (plaintiff's car). Q. Well, then, they both, if I understand you correctly, they ran into each other? Is that it A. Yes." In his examination in chief, (p. 27a) this witness had testified that, "as it (meaning defendant's

car) got nearer to the Hudson it bore right over to that side— ...... To the side Mrs. Brown was on."

Upon the testimony on cross-examination defendant asks that judgment be entered in his behalf, losing sight of his testimony in chief, and the testimony for the plaintiff that at the time of the accident the plaintiff's car was stopped and the defendant's car was driven into the plaintiff's car while on the left hand side of the road. His testimony taken in its most favorable light, as on this motion it must be, supports the theory of the plaintiff.

This is not a case in which from an examination of the plaintiff's testimony it is apparent that she was guilty of contributory negligence. True it is that the plaintiff must make out her case free from contributory negligence but that does not mean that every witness called by plaintiff must in every detail and particular support the testimony of the plaintiff. The testimony of this witness was entirely for the jury to reconcile with the other testimony of the plaintiff and although perhaps affecting the story of the plaintiff and her supporting witnesses, it would not be sufficient for the court to determine that it was such a clear case of contributory negligence as would justify the court in withdrawing it from the jury.

Under all the testimony we are convinced it was a proper case for submission to the jury.

The assignments of error are overruled and the judgment is affirmed. ·