## Commonwealth ex rel. Fairman, Appellant, v. Cavell.

Argued November 8, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*R. Stanton Wettick, Jr.,* for appellant.

*W. Thomas Malcolm,* District Attorney, for appellee.

OPINION PER CURIAM, December 16, 1965:
Order affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

This is an appeal from an order of the lower court denying appellant's petition for writ of habeas corpus after a hearing. The single legal question of importance is whether appellant, when entering his guilty plea, understandingly and intelligently waived his constitutional right to counsel. In my opinion, it is clear that the Commonwealth failed to sustain its burden of proving that appellant did intelligently and understandingly waive this right.

The facts may be set out briefly:

On December 29, 1960, appellant was apprehended by the Pennsylvania State Police and was taken to the State Police Barracks in Indiana, Pennsylvania. At that time, he signed a statement admitting his participation in a burglary which had occurred in the area. At the habeas corpus hearing, he testified that he had signed this statement, because the police threatened to arrest his wife who was then seven months pregnant.

On December 30, 1960, appellant pleaded guilty to the charges of burglary, larceny and receiving stolen property before a justice of the peace. On January 2, 1961, he pleaded guilty to these same charges before the Court of Quarter Sessions of Indiana County and was sentenced to prison for two to ten years. Appellant was not represented by counsel at any stage of these criminal proceedings.

At the hearing on the habeas corpus petition, appellant testified that he pleaded guilty to the charges against him at each stage of the proceedings, because he was under duress. He further testified that he did not realize, nor was he informed, that by signing a prepared statement in court, he had waived his right to counsel.[1]

To prove that appellant had been fully informed of his constitutional rights, the District Attorney of Indiana County testified for the Commonwealth as to his usual custom and practice when an accused would plead guilty. He testified that in the presence of the Court, "I would ask him first whether he had an attorney; then I would ask him if he was going to get an attorney; if he said he was not, then I would advise him that he had the right to have this matter presented to the Grand Jury and a jury, and if he could not af-

---

[1] It is clear, of course, that a signed statement alone cannot establish that a defendant waived his right to counsel understandingly and intelligently. *Commonwealth ex rel. Ross v. Botula*, 206 Pa. Superior Ct. 1, 211 A. 2d 42 (1965).

ford to get counsel, counsel would be appointed for him by the Court; and in this manner advised him of his rights so that he could properly sign this waiver of right to counsel and Grand Jury action. Before he would sign this, I would tell him what he was charged with, which he could read on the front of this. He can read it himself and I would inform him of it . . . ." The District Attorney admitted, however, that he had no specific recollection of what had occurred in this case.

No evidence was adduced to show that appellant himself was so examined at the time of his guilty plea. Nor does the record indicate that the judge would ever independently examine a defendant.

In denying the instant petition, the Court found that the District Attorney had fully explained to appellant all of his rights, and that, "The Court itself remembers the defendant being before the Court and that these matters were explained to him by the District Attorney."

The decisions of our Supreme Court have made quite clear that the Commonwealth may not simply rely on testimony indicating that defendants were generally asked the proper questions. It must further establish that the defendant in each case was sufficiently aware and fully understood his position before the court before waiving his rights. Thus the court indicated that the record must show that ". . . the accused knew the nature of the crime charged against him, was advised or was aware of his right to counsel, and, if indigent or otherwise unable to secure counsel, that he was advised or was aware of his right to have assigned counsel but that the accused intelligently and understandingly rejected the services of counsel." *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 525-526, 204 A. 2d 439, 444 (1964).

In *Von Moltke v. Gillies,* 332 U. S. 708, 724, 68 S. Ct. 316, 323 (1948), the United States Supreme Court

166

specifically noted that ". . . a mere routine inquiry—the asking of several standard questions followed by the signing of a standard written waiver of counsel—may leave a judge entirely unaware of the facts essential to an informed decision that an accused has executed a valid waiver of his right to counsel."

The testimony of the District Attorney in this case could establish, at best, that he ordinarily asked certain routine questions. In the absence of any evidence which could establish what actually happened at the time of the entry of this guilty plea, the evidence, in my opinion, falls far short of proving that this accused waived his rights intelligently and understandingly.

Only evidence which bears directly on the case in question can actually establish the accused's knowledge and awareness of his position before the court. I would hold that testimony relating to the custom or practice of a judge or a district attorney cannot adequately establish that the accused himself understandingly waived his right to counsel.

There is yet another ground on which I would reverse the order in this case. While the District Attorney admitted in his testimony that he had no recollection of this case, the Judge based his opinion on the fact that: "The Court itself remembers this defendant being before the Court and that these matters were explained to him by the District Attorney."

It is true that a judge need not disqualify himself merely because he is cognizant of the facts in a case. *Brown v. Bahl,* 111 Pa. Superior Ct. 598, 602, 170 A. 346, 348 (1934). In the instant case, however, it is clear that the judge relied heavily on his own recollection of the facts. This was clearly error. A judge may not rely on facts which he remembers from a prior proceeding but which are not part of the record in the case before him. *Commonwealth v. One 1941 Plymouth Sedan,* 160 Pa. Superior Ct. 575, 52 A. 2d 240 (1947).

If the judge wanted to take the stand as a witness in these proceedings, and thus place his recollection on the record, it was his duty to disqualify himself. *Brown v. Bahl,* supra, at 602. Otherwise, the appellant would be denied his right to cross-examine, test and dispute the trial judge's recollection, and we, on appeal, would not be furnished with a dependable record.

There are other apparent difficulties in this case. The standard procedure outlined by the District Attorney in his testimony may not have adequately advised appellant of his rights in this case. Furthermore, I question whether the court may rely on the examination of the accused by the District Attorney, even though that examination be in its presence. Certainly, there is much in the decisions of both the Supreme Court of the United States and the Pennsylvania Supreme Court which could indicate that it is for the court to conduct the investigation.

Without reaching any conclusion on these final two questions, however, I strongly dissent because both the testimony of the District Attorney and the recollection of the judge were not proper or sufficient grounds on which to base a finding that the accused had waived his right to counsel.

I would vacate the order of the lower court and remand the record with directions to hold a second hearing on the petition.