Commonwealth ex rel. Southwest Butler County School District *v.* Clarke Smith. Clarke Smith, Appellant.

Submitted on briefs November 20, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Mark A. Criss,* with him *D. G. Linn, II, Linn, Atwell and Associates,* for appellant.

*Darla J. Hancher,* for appellee.

OPINION BY JUDGE MACPHAIL, January 27, 1981:
Clarke Smith (Appellant) his filed this appeal from the order of the Court of Common Pleas of Butler

County imposing sentence of fine and imprisonment for failure to pay taxes pursuant to an ordinance promulgated by the Southwest Butler County School District (District).

The District filed a private criminal complaint against the Appellant alleging failure to file a return and non-payment of taxes[1] for the years 1974 through 1977. Appellant was found guilty by the district justice and was ordered to pay the back taxes claimed by the District and costs.

The Appellant filed an Appeal from Summary Criminal Conviction to the Court of Common Pleas and a de novo hearing was held. Appellant was again found guilty. His judgment of sentence includes a thirty day imprisonment for each year in which the taxes were not paid. He appealed from that judgment to the Superior Court of Pennsylvania and that appeal was certified to this Court.

The Appellant contends that he is not liable for the taxes claimed by the District because he is not a resident of the District. Appellant sought to show that he is, in fact, a resident of Lakewood, Ohio.

The Appellant raises the following issues for our review: 1) whether Appellant was forced to testify in derogation of his Fifth Amendment privilege against self-incrimination; 2) whether the lower court improperly excluded evidence of discriminatory enforcement of the taxing ordinance; 3) whether the lower court erred in failing to transfer this case to the civil docket; 4) whether the lower court erred in finding that the District had met its burden of proof; 5) whether the sentence imposed by the lower court is defective.

---

[1] The tax in question is a one half of one percent tax on income of residents of the District.

## I

Appellant contends that he was compelled to testify despite his assertion of the Fifth Amendment privilege against self-incrimination under the Constitution of the Unites States. In the instant case, Appellant was called to testify "as of cross-examination." Appellant's counsel objected. The complete colloquy between counsel and the trial judge was as follows:

> MISS WELDON: Clarke Smith. I would like to have Mr. Clarke Smith as for cross-examination.
>
> MR. FLACH: Your Honor, it is our understanding this is a criminal proceeding.
>
> THE COURT: It is an appeal from a summary.
>
> MR. FLACH: He does not avail himself as of cross-examination.
>
> THE COURT: Is he pleading the Fifth?
>
> MR. FLACH: He wants to see the evidence presented before him before he testifies.
>
> THE COURT: You stand and be sworn, sir.

Without further objection, the Appellant was sworn and did testify. *Appellant* never claimed the privilege for himself. "The privilege of a witness to refuse to testify on the ground that his testimony may incriminate or tend to incriminate him is strictly personal." 81 Am. Jur. 2d *Witnesses* §34 (1976); *Commonwealth v. Butler*, 171 Pa. Superior Ct. 350, 90 A.2d 838 (1952). We conclude that the Appellant waived his constitutional protection against self-incrimination.

## II

Appellant sought to introduce testimony that the prosecution of this case by the District constituted discriminatory enforcement of the statute, but his offer to prove that fact was refused by the lower court.

Clearly, if Appellant could prove discriminatory enforcement, he has the right to be afforded the opportunity to do so. Arbitrary discrimination between persons in similar situations is a denial of due process. *Commonwealth v. Winfree*, 408 Pa. 128, 182 A.2d 698 (1962).

Within the bounds of the rules of evidence, the trial judge has broad discretion in making a determination of the relevancy of testimony. Here, even had Appellant been successful in proving that the case against him was instigated by another party, that would not prove discriminatory enforcement. It is only when there is an arbitrary discrimination between persons in similar circumstances that there is a denial of due process of law. In the instant case, there is absolutely no evidence that others who were similarly situated with Appellant were not prosecuted. In fact, the tax collector for the District testified on cross-examination that the names of others who claimed residence outside the District *were* turned over to the District Justice of the Peace, but that in most cases, those persons were able to exhibit receipts to indicate payment of taxes elsewhere. This the Appellant was unable to do because he paid no taxes in Ohio until after his summary conviction. We conclude that the ruling of the trial judge on the offer of proof was correct.

## III

Appellant contends that the lower court erred in not transferring this matter to the civil docket. Appellant relies on Section 5103(c) of the Judicial Code, 42 Pa. C. S. §5103(c), which provides that:

> If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or

dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.

42 Pa. C. S. §5103(c)

We do not comment on whether this case was properly tried in the criminal division because Appellant has clearly waived the issue. Pa. R.A.P. No. 302.

Appellant himself chose to file this matter as an appeal from a summary criminal conviction and the record shows no motion or request to transfer the matter to the civil docket.[2]

The definition of division in Section 102 of the Judicial Code, 42 Pa. C. S. §102, makes it clear that no issue of subject matter jurisdiction is presented[3] so that this issue was waivable. Pa. R.C.P. 1032.

## IV

Appellant argues that the lower court erred in finding that Appellant is a resident of the District because the District did not meet its burden of proof. We do not agree.

---

[2] Appellant first raised this issue in post trial motions. It had, however, clearly been waived prior to the time for these motions and was not available to Appellant for the purpose of post trial motions. Pa. R. Crim. P. 1123.

[3] Division is defined as

An administrative unit composed of those judges of the court responsible for the transaction of a specified class of the business of the court. In a court having two or more divisions each division is vested with full jurisdiction of the whole court, but the business of the court may be allocated among the divisions of the court by or pursuant to general rule.

42 Pa. C. S. §102.

The ordinance adopted by the District imposes an income tax on residents and defines resident as, inter alia, any individual domiciled in the District.

The Local Tax Enabling Act,[4] the enabling statute pursuant to which the local tax was promulgated, defines domicile as follows:

> The place where one lives and has his permanent home and to which he has the intention of returning whenever he is absent. Actual residence is not . necessarily domicile, for domicile is the fixed place of abode which, in the intention of the taxpayer is permanent rather than transitory. Domicile is the voluntary fixed place of habitation of a person, not for a mere special or limited purpose, but with present intention of making a permanent home, until some event occurs to induce him to adopt some other permanent home.

53 P.S. §6913.

The District presented evidence showing that Appellant owns property in the District, that he is not legally separated from his wife, that his wife and children reside in the District, that he has a Pennsylvania driver's license, that his children attend the District's schools and that he filed personal income tax returns in Pennsylvania in 1975 and 1976. Further, in a hearing before an Administrative Board, Appellant gave his address as R. D. No. 2, Evans City, Pennsylvania, which is the address the District sought to prove to be Appellant's residence.

Finally, the District introduced into evidence a letter addressed to Appellant's alleged Ohio address; this letter was returned to the sender stamped addressee unknown by the postal authorities. Appellant made no objection to this evidence.

---

[4] Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6901 *et seq.*

The tax collector for the District testified that he had contacted the Lakewood Regional Income Tax Bureau and was informed that Appellant was not listed on their tax rolls. Appellant made no objection to this testimony; in fact, Appellant's counsel brought out the same information during cross-examination. The evidence is, therefore, competent. Henry, *Pennsylvania Evidence,* §723.

Appellant's argument on this issue relies on the alleged superiority of his evidence, to wit: he votes in Ohio, he served on a jury in Ohio; and he lists an Ohio address on his Pennsylvania driver's license. While these factors are relevant to show residence in Ohio, the evidence which we have previously noted tending to show residence in Pennsylvania together with Appellant's personally avowed intention to *eventually* buy property in Ohio and establish a permanent residence there with his wife is sufficient for the court to find beyond a reasonable doubt that Appellant was a resident of the District. *See, Commonwealth v. Case,* 8 D. & C.3d 611 (1978) (A man who works in New Jersey, but whose family has moved to Pennsylvania, is a resident of Pennsylvania even though he continues to vote in New Jersey and file his Federal income tax returns from that state).

Accordingly, we find no error in the lower court's conclusion that Appellant is a resident of the District.

Appellant next argues that he is entitled to a credit for the taxes he paid to Lakewood, Ohio.

The decision and order of the district magistrate directing Appellant to pay the taxes due the District was entered on or about December 19, 1978. The de novo hearing before the Court of Common Pleas was held on April 30, 1979. Appellant voluntarily paid taxes to Ohio on April 12, 1979. There is no evidence that Ohio sought payment of the taxes from Appellant at any time or that he was even on the tax rolls of the state of Ohio.

328

The applicable provision of The Local Tax Enabling Act states:

Payment of any tax on income to any State other than Pennsylvania or to any political subdivision located outside the boundaries of this Commonwealth by residents of a political subdivision located in Pennsylvania shall, to the extent that such income includes salaries, wages, commissions, or other compensation or net profits of businesses, professions or other activities but in such proportions as hereinafter set forth, be credited to and allowed as a deduction from the liability of such person for any other tax on salaries, wages, commissions, other compensation or net profits of business, professions or other activities imposed by any political subdivision of this Commonwealth under the authority of this act.

53 P.S. §6914.

The issue presented is whether Appellant was liable for any taxes in Ohio. Although he presented tax receipts, there is no evidence that appellant was liable for the payment of taxes in Ohio. We hold, therefore, that Appellant is not entitled to a credit on taxes due the District for voluntary payments made by him elsewhere.

It is clear that the tax levied by the District is one-half of one percent of earned income. The sentence imposed by the lower court amounts to one percent of Appellant's income for the years in issue. This is in error and the sentence, therefore, must be modified to correct the error.

ORDER

AND Now, this 27th day of January, 1981, the judgment of sentence is affirmed except as to that por-

tion thereof which fixes the amount of tax due. The case is remanded to the Court of Common Pleas of Butler County for a modification of the sentence to reflect the correct percentage of taxation as one half of one percentum of the taxpayer's income for the tax years 1974-1977 inclusive.

Judge WILLIAMS, JR. dissents.