County of Allegheny, a Political Subdivision of the Commonwealth of Pennsylvania, Appellant *v.* George Liss and Sarah Liss, Appellees.

Argued May 4, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Alexander J. Jaffurs,* County Solicitor, with him *Timothy W. Pawol,* Special Assistant County Solicitor, and *James H. McLean,* County Solicitor, for appellant.

No appearance for appellees.

OPINION BY JUDGE WILLIAMS, JR., June 18, 1981:

Appellees own a rental property in a dilapidated section of Pittsburgh. When they failed to make repairs on the house after notification by the Allegheny County Health Department (Department) that there were numerous violations of Department regulations, the Department issued citations against them pursuant to those regulations. The Housing Court magistrate found them guilty, and levied a fine. Upon appeal, the Allegheny County Court of Common Pleas conducted a hearing *de novo,* and determined that the appeal would be "sustained because the violations in the instant case were not the fault of the owners."[1] Neither the order nor the complementing opinion found the owners "not guilty" of the alleged offenses.

The Department raised several issues in its appeal to this Court, including whether *mens rea* should be considered in such an adjudication in a summary violation of Department rules and regulations.[2] However, we note that we cannot reach the questions on the merits,[3] since the order of the lower court presently before us for review is not sufficient.

---

[1] Opinion, page 6.

[2] *See Commonwealth v. Koczwara,* 397 Pa. 575, 580, 155 A.2d 825, 827 (1959).

[3] We further note that the record lacks a copy of the pertinent ordinance, which would preclude a proper review by this Court on the merits. It would be impossible for this Court to determine whether the case involved purely a misapplication of the proper standard of law, or whether there was a latent factual resolution in appellee's favor, without examination of the wording of the local

102

[O]n an appeal from the judgment of a justice of the peace in summary conviction proceedings, the judgment of the Court of Common Pleas should be either 'guilty' or 'not guilty'; a judgment affirming the justice of the peace, dismissing the appeal, or sustaining the appeal, is not sufficient and will be reversed.

*Commonwealth v. Carter*, 230 Pa. Superior Ct. 401, 402, 326 A.2d 530, 530-531 (1974). *See also, Commonwealth v. Wenyon*, 230 Pa. Superior Ct. 342, 326 A.2d 633 (1974); *Commonwealth v. Alton*, 209 Pa. Superior Ct. 168, 224 A.2d 792 (1966).

We therefore must remand this matter to the Allegheny County Court of Common Pleas, with an order to that court to enter a determination of guilty or not guilty as the evidence of record and the law mandate.

ORDER

AND Now, this 18th day of June, 1981, the order of the Allegheny County Court of Common Pleas dated April 4, 1977, docketed to No. S.A. 1159 of 1976, is hereby vacated, and the case is remanded to that Court with a procedendo, to enter a verdict of guilty or not guilty according to the law.

health code. *See, Borough of West Chester v. Lal,* Pa. , , 426 A.2d 603, 604 (1981), at note 4. *See also, Commonwealth v. Wimberly*, 488 Pa. 169, 173, 411 A.2d 1193, 1194 (1979).