Ralph R. DeVillars, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued May 4, 1981, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Richard H. Martin, Baskin and Sears,* for appellant.

*John M. Cleland, Woods, Baker & Cleland,* with him, *Ralph N. DeCamp,* for appellee.

OPINION BY JUDGE MACPHAIL, August 14, 1981:

Ralph R. DeVillars (Appellant) was found guilty by a District Justice of the Peace of failing to file tax returns[1] with the municipality and school district where he resides as required by appropriate ordinance and resolution adopted pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6901 *et seq.*

Appellant was fined $200 and costs for each offense. A timely appeal was filed by Appellant, pro se, to the Court of Common Pleas of McKean County and a de novo hearing was held. Appellant was unrepresented at the hearing but when he was asked if he wished to testify, he replied that he would exercise his constitutional privilege against self-incrimination whereupon, the trial judge stated that ''the appeal is dismissed and the costs to be on the defendant for these proceedings.''[2]

According to the record before us, the next event in the case was the filing of a motion for a new trial and in arrest of judgment. On November 19, 1979, the date fixed for argument, the record discloses that there was a general discussion among the trial judge

---

[1] Appellant did file returns but in the spaces provided on the taxpayer's form for the disclosure of financial information necessary to calculate the tax, Appellant had written "object self-incrimination."

[2] In a de novo hearing, it is incumbent upon the trial judge to find the defendant guilty or not guilty. The dismissal of the appeal is insufficient and warrants a reversal. *County of Allegheny v. Liss,* 60 Pa. Commonwealth Ct. 100, 430 A.2d 1033 (1981).

and counsel[3] during the course of which the Appellant was again asked if he wished to testify and again he replied that he was exercising his constitutional privilege against self-incrimination. Almost immediately after that statement by Appellant, the trial judge said that he found Appellant guilty and proceeded to sentence him to thirty days in the McKean County Jail, fined him $500.00 and directed him to pay the costs of prosecution "and restitution." Finally, the trial judge ordered that the sentence be carried out immediately.[4] An appeal was filed with the Superior Court of Pennsylvania the same day; nevertheless, Appellant was incarcerated and served his thirty day sentence.

On December 7, 1979, a paper dated November 19, 1979 entitled "Sentence" was filed directing Appellant to pay the costs of prosecution and undergo an imprisonment for thirty days. No mention is made of fine or restitution.

Appellant's appeal was transferred from the Superior Court to this Court by virtue of the provisions of 42 Pa. C. S. §762(a)(4).

In his brief, Appellant raises but two issues:[5] 1) the trial court should be reversed because his constitutional rights were abridged and 2) the sentence[6] should be vacated for illegality. The taxing authorities deny that Appellant's constitutional rights were violated but to their considerable credit, make no re-

---

[3] The record does not disclose what disposition was made of the "post trial" motions.

[4] This was done notwithstanding queries by counsel for Appellant *and* the taxing authorities concerning the lack of statutory authority for the trial judge to impose a fine and imprisonment.

[5] The substantive issue of whether Appellant's reponses on the tax forms constitute a criminal offense will not be addressed. *See* Pa. R.A.P. 2116(a).

[6] Appellant sets forth both sentences as the "order appealed from" in his brief.

sponse to the argument that the sentence was improper.

There can be no doubt that neither sentence imposed by the trial court was valid under the Law. Section 13(IX)(a) of The Local Tax Enabling Act, 53 P.S. §6913(IX)(a) permits the imposition of a jail sentence only in default of the payment of a fine imposed for offenses committed by persons in violation of a taxing ordinance or resolution. Both the ordinance and resolution in question here have provisions similar to Section 13(IX)(a) regarding the imposition of penalties. Since there is no indication that Appellant refused to pay the fine or could not pay it, the jail sentence was improper. Moreover, we must note that while the trial judge has the inherent powers to correct an illegal sentence, *Commonwealth v. Cole*, 437 Pa. 288, 263 A.2d 339 (1970) and to modify a sentence, Pa. R. Crim. P. 1410, he may only do so with the defendant present. Pa. R. Crim. P. 1117. Although the "Sentence" filed December 7, 1979 is dated November 19, 1979, it does not conform with the record of the imposition of sentence and there is no indication that the Appellant was present when it was entered.

Where an invalid or illegal sentence is imposed, the usual remedy is a remand for resentencing. Here, however, the Appellant had already served his sentence. He is no longer under the court's jurisdiction unless he has failed to pay the costs. It would appear, then, that we are confronted with the situation where the Appellant's sentence must be vacated but a remand for a new sentence would certainly subject him to double jeopardy. This we clearly cannot do.

A similar problem confronts us with respect to the constitutional issue raised by Appellant, all of which has to do with the conduct of the hearing de novo and the "proceedings" on November 19, 1979. Even assuming (without deciding) that there is merit in the

constitutional arguments, the most this Court could do in this appeal is reverse the trial court and order a new hearing. For what purpose? If the Appellant is again found guilty, the same problem of double jeopardy occurs when sentence is imposed.

We conclude that inasmuch as Appellant has served his sentence, albeit an illegal one, this Court would do him a disservice by remanding the case for a new hearing or the imposition of a new sentence. Accordingly, in the interest of justice and fairness,[7] we will vacate the sentence, discharge the defendant from any further obligations thereunder and dismiss the remainder of this appeal.

### ORDER

AND Now, this 14th day of August, 1981, the sentences imposed by the Court of Common Pleas of McKean County to Numbers 62 and 63 December Term 1978 are vacated, Ralph R. DeVillars is discharged from any further obligation thereunder and the remainder of the within appeal is dismissed.

---

[7] We must agree with Appellant's counsel that the Appellant has been the victim of a gross injustice in the trial court but we are helpless to do more than we have in fashioning a remedy to right the wrong.