Clarke Smith, Appellant *v.* Commonwealth ex rel. Southwest Butler County School District, Appellee.

Argued October 4, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Frank P. Krizner*, with him *Lee C. McCandless*, *McCandless, Krizner & Price*, for appellant.

No appearance for appellee.

OPINION BY JUDGE BLATT, December 8, 1982:

Clarke Smith (appellant) appeals here from an order of the Court of Common Pleas of Butler County imposing a sentence of fines, costs, and 120 days imprisonment for his failure to pay taxes pursuant to an ordinance promulgated by the Southwest Butler County School District (School District).

In April of 1979, the appellant was first convicted and sentenced for failure to pay earned income taxes to the School District. On appeal to this Court, *Southwest Butler County School District v. Smith*, 56 Pa. Commonwealth Ct. 320, 424 A.2d 1001 (1981), we modified the sentence as to the amount of taxes due, yet affirmed in all other respects. After the appellant's petition for allowance of appeal was denied by the Supreme Court of Pennsylvania, the common pleas court resentenced him, rejecting his new counsel's motion to modify the sentence and to vacate the 120 day imprisonment. Counsel argued then, and this is the only issue presented here, that the jail term was imposed pursuant to an invalid School District Resolution. All monetary penalties (fines and costs) have now been paid and we are only concerned here with the jail term.

The appellant was sentenced pursuant to the School District's Income Tax Resolution of April 19, 1965 which provided that, if a party was found guilty of the offense and convicted, he was to be fined not more than $100 and costs for each offense or be imprisoned for not more than 30 days, or both. Upon conviction of four counts, therefore, the appellant was given a sentence of 120 days in addition to the fines.

This 1965 Resolution, however, was not the statute applicable at the time concerned.

Section 13 of The Local Tax Enabling Act (Act), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6913, provides in pertinent part that:

On and after the effective date of this act the remaining provisions of this section shall be included in or construed to be a part of each tax levied and assessed . . . upon earned income by any political subdivision levying and assessing such tax pursuant to this act.

And the penalties clause of the above section, Subsection IX, provides that:

(a) Any person . . . , shall, upon conviction . . . be sentenced to pay a fine of not more than five hundred dollars ($500) for each offense and costs, and, *in default of payment of said fine and costs to be imprisoned for a period not exceeding thirty days.* (Emphasis added.)

It is this Act which now controls. Moreover, the School District implicitly recognized this fact when it re-enacted the Income Tax Resolution in May of 1966, and incorporated the Act therein.

If a delinquent taxpayer has paid the fines and the costs imposed upon him, as the appellant has done, then there can now be no further sentencing of imprisonment. This was the precise holding in *DeVillars v. Commonwealth,* 61 Pa. Commonwealth Ct. 274, 433 A.2d 604 (1981), where this Court construed the Act to mean that the imposition of a jail sentence could occur only after default in the payment of the fine imposed. Here there has been no such default.

The appellant has sought relief in the alternative requesting that we remand this case to common pleas with instructions or, in the interest of judicial economy, that we vacate that part of the sentence concerning imprisonment. We see no need to remand when it

is clearly within our powers to vacate the jail term, *DeVillars,* and we frame our order accordingly.

### ORDER

AND Now, this 8th day of December, 1982, that part of the sentence concerning imprisonment, imposed by the Court of Common Pleas of Butler County upon Clarke Smith in the above-captioned matter, is hereby vacated and he is hereby discharged from any further obligation thereunder.